

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1440-13

**FARRAIN JOSEPH COMEAUX, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### JEFFERSON COUNTY

**JOHNSON, J., filed a concurring opinion in which HERVEY, J., joined.**

### C O N C U R R I N G   O P I N I O N

For years, we have described the litany that must be followed when challenging a juror as preserving the error. Today, the Court points out that the real issue is harm. The confusion is understandable; parts of the litany preserve error, and other parts consider harm.

Step one: challenge a prospective juror for cause and lose. I put this part under preserving the error pursuant to our case law, which requires a litigant to timely inform the trial court of his or her complaint and thereby allow the trial court to reconsider its ruling while there is an opportunity to correct any error that it may have committed.

Step two: use a peremptory challenge on the challenged prospective juror. I put this part under harm. If a litigant has a way to keep off the jury a person who is perceived to be biased and does not do so, any harm that comes is self-inflicted.

Step three: exhaust the statutory peremptory challenges. I put this step under harm because, again, if a litigant has a way to keep off the jury a person who is perceived to be biased and does not do so, any harm that comes is self-inflicted. This step was a misstep in this case; an available peremptory challenge was not used on the juror about which appellant complains.

Step four: ask the trial court for additional peremptory challenges and be denied. I put this step under preserving error; in court, one must generally ask for relief or one will not get it. If a litigant concludes that a legitimate challenge for cause was erroneously denied, but does not ask the trial court to correct its error by granting additional peremptory challenges, any harm that comes is self-inflicted.

Step five: identify an objectionable prospective juror who sat on the jury. I put this step under preservation of error; if a litigant does not notify the trial court that a juror who is perceived as biased against the litigant has been seated on the jury, the trial court may not know that the litigant objects and thus will have no reason to reconsider its ruling in light of any stated objections to that juror by the litigant.

The underlying purpose of the litany is to seat a jury that will render a just verdict. It seems to me that steps one, four, and five of the litany are designed to allow correction of error in and by the trial court and to produce a record sufficient to allow the appellate courts to address the real issue, harm.

I join the opinion of the Court.

Filed:  October 15, 2014
Publish